CHARLES C. WALLACE

*v.*

CHARLES E. COWARD et al.

[Submitted October 25th, 1911.   Decided November 17th, 1911.]

1. Where it appears on the face of a bill that complainant's right of action is barred by limitations, a demurrer for that reason will lie.

2. On general demurrer to a bill to foreclose a mortgage, the presumption of payment arising from lapse of twenty years, will be sustained, in the absence of allegations explaining or excusing the delay.

3. The statute of limitations applies to a suit in equity to foreclose a mortgage, under the rule that the right to foreclose ceases when the legal right of entry is barred.

4. Payment of interest on a mortgage by the mortgagor or his grantee within twenty years prior to the filing of a bill to foreclose will toll the statute of limitations.

5. A bond, secured by mortgage, provided for payment to mortgagee of a specified sum one year from April 1st, 1861, and the legal interest thereon, which interest was to be paid to E. C. during the term of her natural life, in lieu of dower, but from her death the interest to be paid to mortgagee, his heirs and assigns. A bill to foreclose, filed in 1911, contained no allegation of payment of interest at any time to E. C. during her lifetime or to complainant since her death, nor was the date of her death alleged.—*Held,* that, since the payment of the principal to the mortgagee was not postponed until the death of E. C., but the mortgagee was entitled to sue therefor on April 1st, 1862, the bill on its face, in the absence of any allegation showing payment, either of principal or interest, within twenty years, or any explanation or excuse for delay in bringing suit, showed that the suit was barred by limitations.

On demurrer to amended bill.

*Mr. Aaron V. Dawes,* for the demurrants.

*Messrs. Davis & Davis,* for the complainant.

EMERY, V. C.

This is a bill to foreclose a mortgage securing a bond dated March 30th, 1861, given by Forman Coward, obligor, to Charles E. Wallace, the complainant, in the penal sum of $1,066, payable to the obligee, his executors, administrators or assigns, with the following condition underwritten, viz.:

"That if the said Forman Coward should pay unto the said Charles E. Wallace, his certain attorney, executor, administrator or assigns, the just sum of $533 in one year from the 1st day of April, A. D. 1861, and the legal interest thereon, which interest is to be paid to Elizabeth Coward, widow of Samuel Coward, deceased, for and during the term of her natural life, in lieu of dower, but at and from her death said interest to be paid to the said Charles E. Wallace, his heirs and assigns, then this bond shall be void."

The amended bill was filed June 16th, 1911, and seeks to recover interest and principal alleged to be due thereon to the obligee. The only additional allegation of the bill showing the obligee's right to recover interest is the following:

"That the said Elizabeth Coward mentioned in the deed mortgage from Forman Coward to your orator is dead, and your orator thereupon became entitled to the payment of the interest reserved in said mortgage, and that there are large sums of money due to your orator as interest on said mortgage, which said sum, as well as the principal sum thereby secured, are due and unpaid."

It appears by the bill that after the mortgage, the mortgaged premises were conveyed by the mortgagors (Forman Coward and his wife), and the grantees as well as the holders of subsequent mortgages on the property are defendants to the bill, as well as the original mortgagors, against whom decree for payment of deficiency is prayed.

The defendants file a joint demurrer setting up the statute of limitations, and that none of the supposed causes of action accrued within twenty years before filing the bill. Where it appears on the face of the bill that complainant's right of action is

barred by the statute of limitations, a demurrer for that reason will lie. *Bird's Administrator* v. *Inslee's Executors (Chancellor Zabriskie, 1873), 23 N. J. Eq. (8 C. E. Gr.) 363; Myers* v. *Fridenberg (Chancellor Magie, 1905), 70 N. J. Eq. (4 Robb.) 3.* And, on general demurrer, the presumption of payment of a bond and mortgage arising from lapse of time (twenty years) will be sustained in the absence of allegations explaining or excusing the delay. *Olden* v. *Hubbard (Chancellor Runyon, 1881), 34 N. J. Eq. (7 Stew.) 85,* and cases examined by me, cited in *Blue* v. *Everitt (1897), 55 N. J. Eq. (10 Dick.) 329.* On the appeal in this case, the decree was affirmed on other grounds, and the grounds upon which the decision was rested were not considered—*11 Dick. 455 (1897)*—but they were considered and approved in the subsequent case. *Colton* v. *Depew (Court of Errors and Appeals, 1900), 60 N. J. Eq. (15 Dick.) 454, 462.* These decisions of the court of errors and appeals— *Blue* v. *Everitt* and *Colton* v. *Depew*—settle the rule that the statute of limitations applies to a foreclosure suit in equity, and that the right to foreclosure ceases when the legal right of entry is barred, and also that payment of the interest on the mortgage by the mortgagor or his grantee within twenty years of the filing of the bill will prevent the running of the statute. *Colton* v. *Depew, supra* (at *p. 464*).

Under these settled rules, the question in this case, on this joint demurrer of the obligor and grantees, is, whether complainant's bill shows that the right of recovery in himself for either principal or interest is barred by the statute of limitations or by the presumption of payment. The demurrer being general and to the whole bill, cannot be sustained if either principal or interest be recoverable. The bill was filed in 1911, thirty-nine years after the bond for the payment of the principal became due, and there is no allegation of payment of interest either on the bond or mortgage, at any time, to Elizabeth Coward during her lifetime, or to complainant since her death. The date of the death of Elizabeth Coward is not given, and for the purpose of the demurrer, may be taken to have occurred just previous to filing the bill, upon the principle that the pleading is to be continued *contra proferendem.* This construction limits so far as

possible the amount of complainant's right of recovery. Complainant contends that inasmuch as his right to the interest did not accrue until Elizabeth Coward's death, the statute did not run against his right to recover interest until after her death, which must, on the demurrer, be taken to have been within twenty years. This contention might be well founded, if by the bond the payment of the principal to complainant had been postponed to the death of Elizabeth Coward, or if by the proper construction of the bond it should be considered that complainant had a right to recover interest, for his own benefit as a claim separate from his right to recover the principal and without regard to the principal being due. But, as I read this bond, it was conditioned for the payment of a certain sum absolutely to complainant one year from April 1st, 1861, followed by a further provision as to the payment of the "interest thereon"—that is, the interest on the said sum remaining unpaid, and so long as it was unpaid. As to the "interest thereon," it was (so long as the principal was not paid to complainant) to be paid to Elizabeth Coward during her life, and from her death the "interest thereon"—that is, the interest on the principal sum unpaid, was to be paid to complainant. If the sum of $533 had been paid to complainant on April 1st, 1862, according to the tenor of the bond, "interest thereon" would no longer be payable by the obligor either to Elizabeth Coward or to complainant after her death. And after the death of Elizabeth Coward, complainant's right to recover interest is not a right independent of his right to recover the principal, but is an incident of his right to recover the principal sum due. Complainant at any time after April 1st, 1862, might have brought a foreclosure to recover the principal due to himself and the interest due on the bond either to Elizabeth Coward or himself, but in the absence of any allegations showing payments within twenty years, either of principal or interest on account of the mortgage, and in the absence also of any explanation or excuse for complainant's delay in bringing on the suit, the right of foreclosure is barred, as well because of the statute of limitations as upon the presumption of payment.

I will advise an order allowing the demurrer, but complainant may apply to amend the bill.